**Case No. 14-4326**

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

————————————————

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee,*

*-vs-*

**VICTOR MANUEL BAUTISTA-HERNANDEZ,**

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of North Carolina
Honorable Chief District Judge William L. Osteen, Jr.
District Court Case No. 1:13CR00353-1

————————————————

**OPENING BRIEF OF APPELLANT
PURSUANT TO ANDERS V. CALIFORNIA**

Robert Ratliff, Esq.
Attorney for the Appellant
713 Dauphin Street
Mobile, Al 36602
(251) 438-2250

# TABLE OF CONTENTS

*Page #*

Certificate of Interested Persons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Corporate Disclosure Statement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Table of Record References. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Issues. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Arguments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      Whether Appellant was denied access to counsel as guaranteed by the Sixth
Amendment to the United States Constitution?

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Statement regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## <u>TABLE OF AUTHORITIES</u>

*Page #*

*Cases*:

<u>Anders v. California</u>, 386 U.S. 744. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

<u>Morris v. Slappy</u>, 461 U.S. 1 (1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>United States v. Cronic</u>, 466 U.S. at 657, n. 21. . . . . . . . . . . . . . . . . . . . . . . . 7

<u>U.S. v. Venable</u>, 373 Fed. Apx 402, 2010
    Lexis U.S. App. 7632 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . 7,8

*Statutes*

8 U.S.C. § 1326(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ii

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this matter pursuant to 18 U.S.C. §3231.  This Court has jurisdiction to hear this matter under 28 U.S.C. § 1291, as there has been a final adjudication on the merits by a United States District Court. The district court filed its judgment and commitment order on April 22, 2014. (Doc. 27, Judgment).  A notice of appeal was filed by the Appellant on April 23, 2014.  (Doc.28, Notice of Appeal).  This appeal is from a judgment of conviction in a criminal case, which is a final decision pursuant to 28 U.S.C. § 1291. __

## STATEMENT OF ISSUES

**I.**     Whether the Defendant was denied representation of counsel?

## STATEMENT OF THE CASE

Appellant was indicted in the Middle District of North Carolina on November 30, 2013.  This indictment charged Appellant with unlawfully re-entering the United States after a prior order of removal in violation of 8 USC 1326(a).  (Doc.1, Indictment) Ultimately it was determined that Appellant was previously deported following an aggravated felony conviction, thus warranting increased statutory penalties.

At arraignment held on November 5, 2013, Appellant entered a plea of not guilty and was assigned an attorney from the federal public defender's office.  On

iii

December 2, 2013, Appellant's court appointed counsel filed a motion to withdraw as Appellant's attorney. (Doc. 11, Motion to Withdraw) A hearing was held on this motion on December 4, 2013. (Doc. 34, Hearing Transcript) The Court denied counsel's motion finding that the Appellant could not articulate a clear conflict of interest or other issue necessitating a change.

Appellant signed and filed a written plea agreement on December 10, 2013. (Doc. 16, Plea Agreement) A change of attorney/change of plea hearing was then held on December 11, 2014. (Doc. 33, Hearing Transcript). At this hearing, Appellant made an oral motion to replace his attorney, but simultaneously expressed his desire to continue with a guilty plea. The Court continued the hearing.

The plea hearing was reconvened on December 12, 2014. (Doc. 35, Plea Hearing Transcript) At this second hearing, Appellant proceeded with court appointed counsel and entered a guilty plea under the terms of the written plea agreement.

A presentence report was prepared and a sentencing hearing was scheduled for March 12, 2014. Prior to the sentencing hearing, retained counsel for the Appellant entered an appearance as counsel of record. Sentencing proceeded on March 12, 2014. (Doc. 36, Sentencing Transcript). Counsel filed no objections to

the presentence report and argued for a low end sentence to the calculated guideline range. The Court imposed a sentence of 48 with 3 years supervised release, a sentence within the recommended guideline range. (Doc. 27, Judgement and Commitment Order)

A timely notice of appeal was then filed on April 23, 2014. (Doc. 28, Notice of Appeal)

***Statement of Facts***

The State of Facts are re-printed and summarized from the presentence report prepared in this case. There were no objections to these facts by either party at the time of sentencing.

Victor Manuel Bautista-Hernandez was born in Guerrero, Mexico, and is a native and citizen of Mexico. On February 8, 2006, the Appellant was convicted in the Rockingham County Superior Court, Wentworth, NC, of Felony Trafficking in Cocaine by Sale and Felony Trafficking in Cocaine by Delivery (05CRS6277). On August 11, 2008, the Appellant was deported and removed from the United States to Mexico through the port of entry in Hidalgo, Texas. At the time of his deportation, the Appellant was advised that he would need advance consent of the Attorney General to enter the United States. The Appellant disputed this prior to his guilty plea.

2

On August 13, 2013, the Appellant was arrested in Randolph County, NC, and charged with three counts of Felony Trafficking in Cocaine (13CR 54613) and Felony Conspire to Traffic Cocaine (13CR 54614). On August 20, 2013, these charges were dismissed in Randolph County District Court, Asheboro, NC. The additional charges of Felony Trafficking in Cocaine and Felony Possession with Intent to Sell and Deliver Cocaine (13CRS54612) are pending in Randolph County Superior Court, Asheboro, NC.

On August 14, 2013, a special agent with Immigration and Customs Enforcement (ICE) interviewed Appellant at the Randolph County Detention Center, Asheboro, NC. The Appellant was advised of his Miranda rights, which he invoked, and he refused to make a statement to the ICE special agent.

On December 12, 2014, the Appellant entered a plea of guilty to the one count in the indictment, pursuant to the terms of a written plea agreement.

## <u>SUMMARY OF THE ARGUMENT</u>

**I.**    Whether Appellant Was Denied His Right to Counsel?

Undersigned counsel has thoroughly reviewed the record on appeal in this case, and can find no meritorious issue to advance on appeal. There is no executed appeal waiver. Further Appellant did in fact have several hearings on whether or not the Court should appoint new counsel for the Appellant. However, despite his protestation about

3

the representation of Counsel, Appellant never denied his guilt or the facts alleged in the indictment against him. Appellant ultimately entered a plea of guilty and based on the Argument set forth below, there appears little likelihood of success on this issue.

Counsel has fully considered whether the Court's failure to appoint new counsel should be considered on appeal. Appellant was never able to articulate a basis that would require new counsel, nor did Appellant ever argue that he was not in fact guilty. After a full review of the record, Counsel finds no appealable issues of merit and thus pursuant to <u>Anders v. California</u>, submits this instant "no merits" brief.

## <u>ARGUMENT</u>

### *Standard of Review*

**I.**    Whether Appellant Was Denied His Right to Counsel?

After a full review of the record below, counsel finds no appealable issues of merit. See <u>Anders v. California</u>, 386 U.S. 744.

In <u>Anders v. California</u>, 386 U.S. 744, The United States Supreme Court held:

> "The Constitutional requirement of substantial equality and fair process can only be obtained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of Amicus Curiae. The no merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role of advocate requires that he support

4

his client's appeal to the best of his ability. Of course if counsel
finds his case to be wholly frivolous after a conscientious
examination of it, he should so advise the court and request
permission to withdraw. That request must, however, be
accompanied by a brief referring to anything in the record that
might arguably support the appeal. A copy of counsel's brief
should be furnished to the indigent and time allowed to raise any
points that he chooses; The court, not counsel, then proceeds,
after a full examination of all proceedings to decide whether the
case is wholly frivolous.

This requirement would not force appointed
counsel to brief his case against his client but would merely
afford the latter of that advocacy which a non indigent is able to
obtain. It would also induce the court to pursue all the more
vigorously it's own review because of the ready references not
only to the record, but also to the legal authorities as furnished it
by counsel."

In <u>Morris v. Slappy</u>, 461 U.S. 1 (1983), the Supreme Court rejected the claim that

"the Sixth Amendment guarantees a meaningful relationship between an accused

and his counsel." Slappy's Sixth Amendment claim revolved around the

substitution of one staff attorney at the public defender's office for another.

<u>Slappy's</u> request for a continuance was denied. The Court found that, as long as

<u>Slappy</u> was adequately represented by the lawyer who actually defended him at

trial, his Sixth Amendment rights had been fully respected. In short, as the Court

later explained in <u>United States v. Cronic</u>, "the appropriate inquiry focuses on the

adversarial process, not on the accused's relationship with his lawyer as such" (466

5

U.S. at 657, n. 21).  In essence, an indigent defendant is entitled to appointed counsel, not necessarily counsel of his choosing.

In the present case, Appellant was appointed counsel through the local federal defender's office.  Despite making two attempts to have counsel replaced, Appellant never stated that counsel was ineffective, lying to him, or somehow depriving him of access to the courts or effective representation.  Rather, through two hearings on the matter, Appellant repeatedly stated he had no problems with appointed counsel.  Rather he makes vague allegations that he does not trust counsel, that he feels like counsel is not doing enough for him, that he is not comfortable with counsel and that he and counsel are not seeing eye to eye.  Oddly, Appellant's protestations regarding counsel were eerily similar to those made by the appellant in U.S. v. Venable, 373 Fed. Apx 402, 2010 Lexis U.S. App. 7632 (4th Cir. 2010).  In that case Venable made similar allegations regarding trial counsel.  Ultimately, the district court became frustrated with Venable's claims and forced him to proceed pro se.  Venable was able to have his conviction overturned on appeal due to the Court's requiring him to proceed pro se.

Although the claims regarding counsel in this case are similar to those in Venable, nothing else is.  This Appellant was not forced to proceed pro se.  This Appellant, while asking for new counsel, also continued to state that he wanted to

6

plead guilty and that he was in fact guilty of the offense charged.(Doc. 35, Transcript at p.5-6 and 11-12, Appendix   )

Based on the foregoing, counsel is unaware of any valid issues for appeal.

In <u>Anders v. California</u>, 386 U.S. 744, the United States Supreme Court held that if counsel finds his case on appeal to be wholly frivolous after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief  referring to anything in the record that might arguably support the appeal.  A copy of counsel's brief should be furnished to the indigent appellant and time should be allowed to raise any points that he chooses.  The court, not counsel, then proceeds, after full examination of all proceedings, to decide whether the case is wholly frivolous.

Counsel must submit that after a through review of the record he finds no available issues of merit for this proceeding.

## **<u>CONCLUSION</u>**

For the above stated reasons, Counsel for Appellant submit this brief finding no meritorious issues for appeal.

Respectfully Submitted,

by:

<u>/s/ Robert A. Ratliff</u>
Robert A. Ratliff, Esq.
Robert A. Ratliff, PC
713 Dauphin Street
Mobile, AL 36602
251-438-2250 Phone
251-438-6180 Fax
rar@ratlifflegalgroup.com

8

## STATEMENT REGARDING ORAL ARGUMENT

The Defendant-Appellant  respectfully submit s that oral argument would not be warranted in this case.

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7), the undersigned counsel certifies that the opening brief for Defendant-Appellant contains 2147 words and is 11  pages in length, being prepared in 14 point font, Times New Roman typeface.


<u>/s/ Robert A. Ratliff</u>
Robert Ratliff, Esq.
Attorney for the Appellant

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing was served this 29 day of

August, 2014 by the court's ECM/CF system or by regular U.S. mail with

sufficient postage affixed to ensure delivery to:


Graham Tod Green
Office Of The United States Attorney
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
(336) 333-5351
graham.green@usdoj.gov


Victor M. Bautista, 0939577
Albemarle Correctional Institution
PO Box 460
Badin, NC 28009


_____          /s/ Robert A. Ratliff
                                      Robert A. Ratliff, Esq.
                                      Attorney for the Appellant


11